UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADAO CARTER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MUNZING et al.,<br><br>Defendants. | Case No. 2:26-cv-08377-SB-SK<br><br>ORDER TO SHOW CAUSE AND STRIKING MOTION TO REMAND |

On August 28, 2026, Plaintiffs filed a motion to remand this action, noticing the motion for a hearing on Monday, October 5. Dkt. No. 26. As Plaintiffs are aware, this case has been reassigned to Judge Stanley Blumenfeld, Jr., so all motions must comply with his standing orders as well as the Local Rules. Dkt. No. 23. The motion contains several deficiencies suggesting that Plaintiffs' counsel, Helane Simon, failed to review the applicable requirements—or the filing itself—with the care required before submitting it to the Court.

The Court's standing order for civil cases requires the parties to meet in person or by videoconference, thoroughly discuss each issue in a good-faith attempt to resolve or narrow all disputes, and certify compliance. Dkt. No. 23 at 9. It warns that failure to do so may result in an order to show cause re sanctions. Plaintiffs provide no certification that they satisfied that requirement before filing the motion, and the motion contains no indication that the required conference occurred. L.R. 7-3. Moreover, Plaintiffs set the hearing on a Monday, even though the standing order requires civil motions to be heard on a Friday. Dkt. No. 23 at 10.

The filing raises a separate and more serious concern about counsel's review of the motion and the possible use of generative artificial intelligence. Ms. Simon submitted a declaration with the motion. Immediately after her signature appear

two paragraphs containing drafting instructions rather than material intended for filing:

> This section should be supplemented in the final motion with specific citations to the FAC allegations supporting each claim and to Ninth Circuit and California authorities recognizing the "extra element" doctrine, so that the legal analysis is directly tied to the pleaded facts.
>
> For the final filing, I also recommend adding a dedicated section distinguishing Gunn v. Minton, Caterpillar Inc. v. Williams, and Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, as those Supreme Court decisions directly address federal-question jurisdiction and are likely to strengthen the remand argument.

Dkt. No. 26 at 17 of 25. These two paragraphs strongly suggest that material generated during the drafting process was filed without adequate review. Other irregularities reinforce that concern, including the fact that the table of contents lists only 12 sections although the memorandum contains 20.

The concern is magnified by Ms. Simon's performance in an earlier, related case, *Carter v. Sony Music Ent.*, 2:21-CV-8490-SB, Dkt. No. 29 (C.D. Cal. filed Feb. 28, 2022). In that case, Ms. Simon repeatedly failed to follow filing rules, the Standing Order, and specific court directives—even after an express admonition—culminating in defective service and dismissal for failure to prosecute after she failed to appear at a scheduled hearing. That history is significant here. The Court has already admonished Ms. Simon to comply with court rules and orders, yet the present motion reflects renewed failures to comply with basic requirements of the Local Rules and the Court's Standing Order. The Court therefore cannot treat the present violations as an isolated oversight or conclude that another admonition alone is sufficient.

Because Plaintiffs failed to comply with Local Rule 7-3 and the meet-and-confer requirements of this Court's standing order, the Court strikes the motion to remand without prejudice. Plaintiffs may not refile the motion until they have fully complied with those requirements. In light of these violations, Plaintiffs' counsel, Helane Simon, is ordered to show cause why monetary sanctions should not be imposed against her for her failure to comply with Local Rule 7-3 and the Court's standing order in filing the motion to remand. Ms. Simon shall file a declaration responding to this Order to Show Cause by September 11, 2026. The

declaration shall also state whether generative artificial intelligence was used in preparing the motion and, if so, identify how it was used and the steps counsel took to verify the accuracy of the filing before submitting it to the Court. The Court sets a hearing on the Order to Show Cause for September 18, 2026, at 8:30 a.m. Ms. Simon must appear in person. Failure to comply with this order may result in further sanctions, including dismissal of this action with prejudice.

Date: September 4, 2026

Stanley Blumenfeld, Jr.
United States District Judge