UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADAO CARTER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MUNZING et al.,<br><br>Defendants. | Case No. 2:26-cv-08377-SB-SK<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINTS [DKT. NOS. 27, 29, 30] WITH LEAVE TO AMEND |

Plaintiffs have filed three versions of their third amended complaint (TAC) and a motion to remand, while Defendants have moved to dismiss. The parties' disagreement over which complaint is operative suggests that they have not adequately met and conferred or otherwise cooperated as the Court expects. In any event, all three versions of the TAC are deficient under Rule 8. These deficiencies make it difficult to discern which claims Plaintiffs assert against which Defendants and impede the Court's resolution of the pending motions, including the threshold question of subject-matter jurisdiction. The TACs are dismissed with leave to amend.

To comply with Rule 8, a plaintiff must file a complaint with a short and plain statement showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). The body of the complaint must identify each defendant by name, specify the claim(s) against each defendant, and allege sufficient facts supporting the elements of each claim. The complaint must include specific allegations addressing each element of a claim, showing that it is facially plausible that the specific defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). It is "not the job of the district court to make sense of the pleading, supply facts to support a claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). A district court has inherent authority to dismiss a shotgun pleading "[w]hether the parties have raised the issue or not." *Id.*

The most recent version of the TAC, on which Plaintiffs appear to rely, is a 45-page pleading with more than 300 numbered paragraphs. It contains vague references, conditional allegations, incomplete sentences, and often fails to identify the claims asserted against each Defendant and the conduct supporting liability. Although Plaintiffs organize factual allegations by transaction and identify potentially applicable causes of action, they do not clearly connect the alleged conduct to particular claims and frequently condition liability on facts to be established through discovery. *See, e.g.*, Dkt. No. 29 ¶ 276 (asserting claims only to the extent factual allegations support a cognizable duty); Dkt. No. 30 ¶ 276 (same). A complaint must (1) tie specific factual allegations to each cause of action and the Defendant against whom it is asserted and (2) allege facts—not conclusions or vague assertions—showing how each Defendant participated in the conduct giving rise to a claim. *See Gibson*, 165 F.4th at 1288 (identifying four types of shotgun pleadings and why they violate Rule 8).

The Court therefore dismisses all three versions of the TAC and grants leave to file a Fourth Amended Complaint (4AC). Plaintiffs shall file their 4AC no later than October 23, 2026.[1] The 4AC should be complete in itself and attach any exhibits to the complaint. Any renewed motions shall be filed, after meeting and conferring in good faith, by October 30, 2026. Plaintiffs' counsel is warned that the persistent deficiencies and lack of care reflected in her filings have needlessly delayed resolution of this action, burdened the opposing parties, and consumed substantial judicial resources. Counsel is expected to exercise greater care in preparing future filings.

Date: October 15, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[1] Plaintiffs filed an ex parte application requesting alternative service (Dkt. No. 52), followed by a notice of errata and correction (Dkt. No. 54). The request for alternative service is denied as moot. Plaintiffs shall properly serve the 4AC on all domestic Defendants not yet served in this action by November 13, 2026. Plaintiffs shall diligently pursue service on the foreign Defendants as required by law. Plaintiffs are advised that deficiencies remain in the request for alternative service. They have not documented any attempts since July 2026 to serve the relevant domestic Defendants, despite the Court's prior identification of this deficiency. Any renewed application must clearly identify the relief requested, including whether Plaintiffs seek additional time or alternative means of service.